**Sophia P. PANDAZIDES, Plaintiff,**

v.

**VIRGINIA BOARD OF EDUCATION, Defendant.**

**Civ. A. No. 90–1081–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 30, 1990.

Steven D. Stone, Alexandria, Va., for plaintiff.

Joseph Dyer, Mary McGowan, Fairfax, Va., Joan W. Murphy, Asst. Atty. Gen., Richmond, Va., and Craig C. Reilly, Murphy, McGettigan & West, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendant's motion to dismiss and alternatively, motion for summary judgment. Plaintiff seeks injunctive relief and damages under the Rehabilitation Act alleging that she has been discriminated against solely by reason of her handicap. The Virginia Board of Education alleges that plaintiff is not an "otherwise qualified individual" as defined by the Rehabilitation Act and thus, cannot invoke the protections of the Act. 29 U.S.C. § 794. While plaintiff contends that material facts are in dispute, the defendant is entitled to summary judgment viewing the facts in the light most favorable to the plaintiff.

The plaintiff alleges that she is being prevented from continuing her employment in the Prince William County Schools because she lacks a teaching certificate as required by the Virginia Board of Education. The teaching certificate is obtained by meeting a series of requirements, including passing a specific examination, the National Teachers Examination (NTE). She lacks this certificate because plaintiff is unable to pass the Communication Skills test of the NTE due to a learning disability. Plaintiff further alleges that this examination discriminates against her and that the Virginia Board of Education has refused to waive, accommodate, adapt, alter or offer alternatives to the examination requirement.

Plaintiff in this action invokes the protections of the Rehabilitation Act. However,

since she is not minimally qualified as a teacher she is not protected by the Rehabilitation Act.

Section 504 of the Act provides that: [n]o otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. An otherwise qualified handicapped individual "is one who is able to meet all of a program's requirements in spite of his handicap." *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). The Rehabilitation Act does not require the Virginia Board of Education "to disregard the disabilities of handicapped individuals or to make substantial modifications in their programs to allow disabled persons to participate." *Id.* 442 U.S. at 405, 99 S.Ct. at 2366.

Plaintiff alleges that substantial modifications in the Virginia Board of Education's licensure standards are not required. However, plaintiff seeks either waiver of the requirements for licensure, an oral exam, or unlimited time to complete the exam.[1] Such alterations are substantial modifications and are far more than the Rehabilitation Act requires.

Plaintiff cannot pass the Communication Skills test of the NTE. The Communications Skills test covers listening, reading and writing and tests the candidates' ability to understand and use the elements of written or spoken language. The NTE has been determined to be one of the basic qualifications necessary to receive a teaching certificate in Virginia and thus, to become a teacher within the Prince William County School system. Yet, the plaintiff has not passed that initial licensing exam in order to receive certification. The Rehabilitation Act is not an affirmative action statute and the Virginia Board of Education is not required to fundamentally alter the minimum qualifications required for licensure in Virginia. *See id.* 442 U.S. at 407, 99 S.Ct. at 2367.

The Act "forbids discrimination based on stereotypes about a handicap, but it does not forbid decisions based on the actual attributes of the handicap." *Anderson v. Univ. of Wisconsin*, 841 F.2d 737, 740 (7th Cir.1988). According to the plaintiff's expert, Dr. Edwin N. Carter, Ms. Pandazides suffers from an "attentional deficit disorder in the auditory modality ... [and she] cannot input auditory information at a normal rate for a person of her intelligence and chronological age." Declaration of Dr. Edwin N. Carter at 2. She "has difficulty with the rapid integration of information from various modalities, particularly the auditory and visual modalities ... adversely affect[ing] her ability to read quickly, with good comprehension." *Id.* at 3. But for these disabilities, Ms. Pandazides could pass the Communication Skills portion of the NTE. However, that is not the proper inquiry under the Rehabilitation Act. *Anderson*, 841 F.2d at 740. An inability to perform at the required standard makes an individual *not* otherwise qualified. *Id.* The required standard in this case is the minimum licensing requirements for certification within the Commonwealth of Virginia. Because Ms. Pandazides has failed to meet the minimal requirements for licensure, she is not otherwise qualified for the position of a teacher in the Prince William County School system. She has not been discriminated against by the Virginia Board of Education based on her handicap since she has not demonstrated that she is otherwise qualified for the position.

An appropriate order shall issue.

---

**1.** The Educational Testing Service (ETS) administers the National Teachers Examination (NTE), nationally. The ETS has previously allowed the plaintiff additional time on the test in order to accommodate her learning disability. Furthermore, plaintiff may continue to take the NTE as many times as she so desires. The Virginia Board of Education merely establishes a certain score as the passing score for certification in the Commonwealth of Virginia.